## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| SANDRA COLLINS,<br><br>       Plaintiff,<br><br>v.<br><br>WALMART INC., WARES DELAWARE CORPORATION AND JOHN DOES,<br><br>       Defendants. | **JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION FILE NO. _____** |

## NOTICE OF REMOVAL BY DEFENDANTS WALMART INC. AND WARES DELAWARE CORPORATION

COME NOW Defendants Walmart Inc. and Wares Delaware Corporation (herein collectively referred to as "Walmart") and without waiving defenses, respectfully file this Notice of Removal to the United States District Court for the Northern District of Georgia, Rome Division, showing the Court as follows:

1.    On February 2, 2022, Plaintiff filed this personal injury suit against Walmart in the Superior Court of Gordon County, Georgia, which is located in the Northern District of this Court. 28 U.S.C.A. § 90(a)(2). Exhibit A to this Notice includes copies of all process, pleadings, and orders received by Walmart in this action. Walmart shows that there is no basis for venue in Gordon County, Georgia, as the incident occurred in Walmart's store in Floyd County, Georgia and Walmart's

registered agent is located in Forsyth County, Georgia. Venue is proper in Floyd County which is within this venue/jurisdiction of this Court.

2.     Plaintiff's Complaint alleges that Walmart and its employees failed to exercise reasonable care in keeping Plaintiff safe at Defendant's store located at 2510 Redmond Circle NW, Rome, Georgia (the "store") and that, as a result, Plaintiff was injured when she tripped and fell on a rag in the store parking lot. (Exhibit A, Complaint at ¶¶ 5, 10, 11).

3.     Plaintiff alleges that she "sustained injuries to her knees, back and spine, including aggravation of pre-existing conditions, that required prolonged medical attention and treatments," and that she sustained past, present and future medical expenses, physical pain, suffering and impairment, loss of wages and/or diminished capacity to labor. (Exhibit A, Complaint at ¶ 11, Prayer for Relief).

4.     In a pre-suit demand letter dated October 15, 2021 addressed to Walmart's Case Manager Jim Eagan, Plaintiff's counsel stated that his client had incurred $84,334.00 in medical expenses to date and demanding $200,000 to settle the case. (Exhibit B, demand letter and attachments).

5.     Plaintiff Sandra Collins is a resident of the state of Georgia, whose home address is 367 Old Rome Dalton Road NW, Calhoun, Georgia 30701-8005.

(Exhibit B, demand letter and attachments at p. 28/161, Center for Spine & Pain Medicine patient record).

6.      Defendant Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas and is not a citizen or resident of the State of Georgia at the time of or immediately prior to the filing and service of this lawsuit, or at any time thereafter. (Exhibit C).

7.      Defendant Wares Delaware Corporation is a Delaware corporation with its principal place of business in Arkansas and is not a citizen of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter, and was administratively dissolved on September 10, 2010. (Exhibit D).

8.      Therefore, complete diversity of citizenship exists between Plaintiff, a resident of the State of Georgia, and the named Defendants, Delaware business entities residing in Arkansas.

9.      Diversity of jurisdiction would still be proper with the addition of Walmart Stores East, LP, a limited partnership incorporated in the State of Delaware with its principal place of business in the State of Arkansas, whose general and limited partners are not citizens of the State of Georgia and reside outside of the State of Georgia.

10.    Assuming Plaintiff were to prevail on the claims set forth in her Complaint with medical expenses of not less than $84,334.00 and pain and suffering, liability for which Walmart expressly denies, a permissible award at trial would likely be in excess of $75,000.00, exclusive of interests and costs. Plaintiff has previously demanded $200,000.00 in settlement of her claims. (Exhibit B, demand letter dated October 15, 2021).

11.    Walmart has timely removed this case pursuant to 28 U.S.C.A. §1446(b)(3) which states, "[I]if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." This removal is filed within thirty (30) days of service on Walmart, which occurred on February 3, 2022. (Exhibit A, Service of Process Transmittal).

12.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441 because complete diversity exists between the proper parties to this action and the amount in controversy exceeds $75,000.00.

13.    Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached (as Exhibit A) copies of all process, pleadings, and orders served on and

filed by Defendants in the State Court of Fulton County, Georgia for the above-styled case.

     14.    Pursuant to 28 U.S.C. § 1447, Defendants are not required to file a removal bond.

     15.    Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446 per the attached certificate of service.

     16.    A true and correct copy of this Notice of Removal will be filed with the Clerk of Superior Court of Gordon County, Georgia, as required by 28 U.S.C. § 1446.

     WHEREFORE, Defendants pray that this lawsuit be removed to the United States District Court for the Northern District of Georgia, Rome Division, that this Court take cognizance and jurisdiction over this claim from the Superior Court of Gordon County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. §1332.

     *[SIGNATURE PAGE FOLLOWS]*

Respectfully submitted, this 2nd day of March, 2022.

**DREW ECKL & FARNHAM, LLP**

/s/ Leslie P. Becknell

_____

Leslie P. Becknell
Georgia Bar No. 046320
Douglas G. Smith, Jr.
Georgia Bar No. 656005

777 Gloucester Street, Suite 305
Brunswick, Georgia 31520
(912) 602-6965
(404) 876-0992 (fax)
lbecknell@deflaw.com

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
(404) 876-0992 (fax)
dgsmith@deflaw.com
*Attorneys for Walmart*

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Defendants hereby certifies that the foregoing has been prepared

with one of the font and point selections approved by the Court in LR 5.1(B):

Times New Roman (14 point).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Notice of Removal by Defendants Walmart Inc. and Wares Delaware Corporation* was served by e-mail and by filing through the Court's electronic e-file system which will deliver notification of same to the following counsel of record addressed as follows:

Rodney L. Mathis
P.O. Box 1718
Calhoun, GA 30703-1718
rodneylmathis@bellsouth.net
*Attorneys for Plaintiff*

This 2nd day of March, 2022.

Respectfully submitted,
/s/ Leslie P. Becknell

_____

Leslie P. Becknell
Georgia Bar No. 046320

**DREW, ECKL & FARNHAM, LLP**
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-6147
lbecknell@deflaw.com

12395321v1
05695-225724