CT Corporation

**Service of Process Transmittal**
02/03/2022
CT Log Number 540998037

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Georgia**

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: COLLINS SANDRA // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Attachment(s), Summons, Complaint, Interrogatories, Request and Notice, Request |
| **COURT/AGENCY:** | Gordon County Superior Court, GA<br>Case # 22CV72027 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 03/05/2020, Store #658, at 2510 Redmond Circle, NW in Rome, Georgia |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/03/2022 at 13:56 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Rodney L. Mathis<br>P.O. Box 1718<br>Calhoun, GA 30703<br>706-629-9351 |
| **REMARKS:** | Please Note: Transmittal has been edited to correct the case number. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/03/2022, Expected Purge Date: 02/08/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# SHERIFF'S ENTRY OF SERVICE — SC-85-2

Reorder from Clyde Castleberry Co., P.O. Box 1187, Covington, GA 30015 - 1-800-222-1250

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | CLYDE CASTLEBERRY CO., COVINGTON, GA 30015 |
|---|---|---|

Civil Action No. __22-CV 72027__

Date Filed __2/2/2022__

Superior Court ☐  Magistrate Court ☐
State Court ☐  Probate Court ☐
Juvenile Court ☐

Georgia, __Gordon__ COUNTY

__Sandra Collins__

Attorney's Address

Rodney L. Mathis
Attorney at Law
P.O. Box 1718
Calhoun, GA 30703-1718

(706) 629-9351

Plaintiff

VS.

Name and Address of Party to be Served.

__Walmart, Inc.__
C/O __Registered Agent__
__The Corporation Company (EL)__
__106 Colony Park Drive Ste. 800-B__
__Cumming, GA 30040-2794__

__Walmart, Inc., Wares__
__Deluxe Corporation and/or John Doe__
Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑
Served the defendant __WALMART INC__ a corporation
by leaving a copy of the within action and summons with __The Corporation Company its Reg Agent__
__+ INTERROGATORIES/RNP/ADMISSIONS__
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This __3__ day of __Feb__, __22__.

__Walter Hastes__
__(Calhoun, GA, Gordon C.)__ DEPUTY
__Private Process Server__

SHERIFF DOCKET _____ PAGE _____

## SUPERIOR COURT OF GORDON COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  22CV72027

Collins, Sandra

**PLAINTIFF**

**VS.**

Walmart, Inc
Wares Delware Corporation
John Doe

**DEFENDANTS**

### SUMMONS

TO: WALMART, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Rodney Mathis
> Rodney L. Mathis
> PO Box 1718
> Calhoun, Georgia 30703

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 2nd day of February, 2022.**

Clerk of Superior Court

Grant Walraven, Clerk
Gordon County, Georgia

🔥 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**22CV72027**

FEB 02, 2022 12:54 PM

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

## IN THE SUPERIOR COURT OF GORDON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SANDRA COLLINS | : | |
| PLAINTIFF | : | |
| | : | FILE NO. 22- |
| VS. | : | |
| | : | |
| WALMART, INC, WARES | : | |
| DELAWARE CORPORATION and/or | : | |
| JOHN DOES | : | |
| DEFENDANT (S) | : | |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff SANDRA COLLINS in the above matter who files this

complaint for damages against the Defendant WALMART, INC., WARES DELAWARE

CORPORATION and other JOHN DOE Defendants upon showing the following:

-1-

(a)The Defendant WALMART, INC. is subject to the jurisdiction and venue of this court

as it maintains a place of doing business in Gordon County, Georgia.

(b) The Defendant WARES DELAWARE CORPORATION is listed in tax records as the

owner of the property where the subject incident occurred and is subject to the jurisdiction and

venue of this court.

(c) Any other subsequently identified JOHN DOE defendant is subject to the jurisdiction

and venue of this court.

Copy of SECOND ORIGINAL

1

-2-

The Plaintiff SANDRA COLLINS shows that she drove her vehicle to the Walmart Store (store number 658) located at 2510 Redmond Circle, NW in Rome, Georgia on the 5th day of March, 2020 and parked her vehicle in the parking lot of said premises at approximately 8:00 p.m.

-3-

The Plaintiff SANDRA COLLINS shows that the Defendant WALMART, INC, is the owner and operator of aforesaid store and parking lot at 2510 Redmond Circle Rome, Ga.

-4-

The Plaintiff SANDRA COLLINS shows that she went to said WALMART premises that evening with the intention of going inside to purchase items she needed at home.

-5-

As the Plaintiff SANDRA COLLINS exited and walked around her vehicle, the Plaintiff SANDRA COLLINS stepped on a rag obscured by her vehicle that slid and caused her to fall to the ground.

-6-

The Plaintiff SANDRA COLLINS shows that the aforesaid debris created a hazard and increased risk of falling which is what happened to the Plaintiff.

-7-

The Plaintiff shows that WALMART, INC and/or WARES DEVELOPMENT COMPANY may have conveyed ownership of aforesaid property and/or may have contracted

2

with other entities for the inspection, monitoring, cleaning and maintenance of the subject

premises that are unknown to the Plaintiff and who cannot be identified without further

discovery who may be added later as Defendants.

-8-

The Plaintiff SANDRA COLLINS shows that the Defendants had a duty to inspect its

premises and keep its premises safe, free and clear of debris that poses a hazard and increased

risk of falling.

-9-

The Plaintiff shows that the Defendants breached their duty to her and other customers by

failing to reasonably inspect said premises and by failing to keep said premises clean and clear of

debris that posed an increased risk of falling.

-10-

As the direct and proximate result of the Defendants' negligence as set forth above,

caused the Plaintiff SANDRA COLLINS to sustain injuries to her knees back and spine,

including aggravation of pre-existing conditions, that required prolonged medical attention and

treatments.

-11-

As the direct and proximate result of the Defendants' negligence, the Plaintiff has

sustained and/or will sustain damages in the form past, presents, and future medical expenses,

WHEREFORE, the Plaintiff SANDRA COLLINS prays that she have and recover from the Defendant WALMART, INC, WARES DELAWARE CORPORATION, and any OTHER JOHN DOE Entity all damages provided by law, including, but not limited to:

a.    Past, present and future medical expenses;

b.    Past, present and future physical pain, suffering and impairment;

c.    Past, present and future mental pain, suffering and impairment;

d.    Past, present and future loss of wages and/ or diminished capacity to labor;

e.    All other damages as provided by law.

This _____2nd_____ day of _____February_____, 2022.

_____
Rodney L. Mathis
GA State Bar No. 477043
Attorney for Plaintiff

P.O. Box 1718
Calhoun, GA  30703-1718
(706) 629-9351

4

🔥 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**22CV72027**

FEB 02, 2022 12:54 PM

*Grant Walraven*

Grant Walraven, Clerk
Gordon County, Georgia

# IN THE SUPERIOR COURT OF GORDON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SANDRA COLLINS | : | |
| PLAINTIFF | : | |
| | : | CIVIL ACTION FILE |
| VS. | : | NO. _____ |
| | : | |
| WALMART, INC, WARES | : | |
| DELAWARE CORPORATION and/or | : | |
| JOHN DOE | : | Request for Admissions |
| DEFENDANT(s) | : | |

### REQUEST FOR ADMISSIONS

TO:   WALMART, INC. , WARES DELAWARE CORPORATION, and JOHN DOE

Plaintiff SANDRA COLLINS, pursuant to O.C.G.A. § 9-11-36, who tender these requests to Defendant within 45 days after service of this request simultaneous with service of summons and complaint, to make the following admissions for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial, said requests being specifically admitted unless denied within the time provided by law.

Request for Admission No. 1

Please admit that you have received sufficient process of the above styled action and that no insufficiency of process exists as contemplated by O.C.G.A. § 9-11-12(b)(4).

Request for Admission No. 2

Please admit that you have received sufficient service of process of the above styled action and that no insufficiency of service exists as contemplated by O.C.G.A. § 9-11-12(b)(5).

Request for Admission No. 3

Please admit that you are personally subject to the venue and jurisdiction of the Superior Court of Gordon County, Georgia.

Request for Admission No. 4

Please admit that the Superior Court of Gordon County, Georgia has subject matter jurisdiction of the above styled action.

Request for Admission No. 5

Please admit that you were the owner and operator of Walmart Store 658 located at 2510 Redmond Circle, NW Rome, GA on March 5, 2020.

**Request for Admission No. 6**

Please admit that you were the owner of the parking lot of Walmart Store 658 located at 2510 Redmond Circle, NW Rome, GA on March 5, 2020.

**Request for Admission No. 7**

Please admit that you were responsible for the inspection, monitoring, cleaning, and/or maintenance of the parking lot of Walmart Store 658 located at 2510 Redmond Circle, NW Rome, GA on March 5, 2020.

**Request for Admission No. 8**

Please admit that your employees or agents were responsible for the inspection, monitoring, cleaning, and/or maintenance of the parking lot of Walmart Store 658 located at 2510 Redmond Circle, NW Rome, GA on March 5, 2020.

**Request for Admission No. 9**

Please admit that your, your employees or agents were negligent in the inspection, monitoring, cleaning, and/or maintenance of the parking lot of Walmart Store 658 located at 2510 Redmond Circle, NW Rome, GA on March 5, 2020.

This _2nd_ day of _February_, 2022.

Rodney L. Mathis
GA State Bar No. 477043
Attorney for Plaintiff

P.O. Box 1718
Calhoun, GA 30703
PH: 706-629-9351
FX: 706-629-9352
Email: RodneyLMathis@bellsouth.net

&#xe000; EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**22CV72027**

FEB 02, 2022 12:54 PM

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

IN THE STATE COURT OF GORDON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SANDRA COLLINS | : | |
| PLAINTIFF | : | |
| | : | CIVIL ACTION FILE |
| VS. | : | NO. _____ |
| | : | |
| WALMART, INC., WARES | : | |
| DELAWARE CORPORATION and/or | : | |
| JOHN DOES | : | Request and Notice to Produce |
| DEFENDANT(s) | : | |

TO: The Above Named Defendants

## REQUEST AND NOTICE TO PRODUCE

### A

### REQUEST TO PRODUCE

You are hereby requested pursuant to O.C.G.A. 9-11-34 of the Georgia Civil Practice Act and applicable Rules of Civil Procedure and within the time specified therein to produce at the offices of RODNEY L. MATHIS, P.O. BOX 1718, Calhoun, GA 30703-1718, and to permit the inspection, copying and photographing of documents and tangible items described in Exhibit "A" attached hereto and made a part hereof, within thirty (30) days after service of this request, except that the defendant may serve a response within forty-five (45) days after service of the summons and complaint upon said party.

### B

### NOTICE TO PRODUCE

You are hereby requested pursuant to the Georgia Civil Practice Act to produce upon the trial of the above-stated case and upon any deposition taken in the above-stated case of any witness by either party and at the time and place of said trial or said depositions or any hearing held herein and from day to day and time to time thereafter the documents and the items described in Exhibit "A" attached hereto and made a part hereof.

For your convenience in lieu of producing documents (excluding other tangible items such as photographs, wire, equipment, and etc.) as described in Exhibit "A" you may at your convenience xerox documents and mail them to the undersigned. We will rely on your absolute compliance with the legal requirement that the documents so furnished constitute all of the documents requested with any exception clearly noted and identified, and further that the same are true, correct, and complete.

As used herein, "Document or documents" means every written, printed, recorded, taped, **computer-generated**, filmed, graphic, photographic, magnetic, laser, or sound reproduction of any type and description in any form including drafts, edited or noted copies, preliminary or final copies, which are in your client's possession, control, or custody and which are responsive to each specific request set forth below.

This 2nd day of February, 2022.

BY: _Rodney L. Mathis_
RODNEY L. MATHIS
STATE BAR NO. 477043
ATTORNEY FOR PLAINTIFF

P. O. Box 1718
Calhoun, GA 30703-1718
(706) 629-9351

## EXHIBIT A

Any and all documents and manuals describing Protocols, Schedules, and Procedures for investigating and preserving evidence for accidents and condition subject premise adopted and/or otherwise utilized by the Defendant on March 5, 2020.

1. Any and all reports, notes, recordings or other record of the Plaintiff's fall on the subject premises and any investigation thereof.

2. Any and all videos or other photographic evidence of said incident and/or the parking lot on the subject premises on March 5, 2020.

3. Any and documents and manuals describing Protocols, Schedules, and Procedures for monitoring, inspection and cleaning of the parking lot on the Defendant's premises where subject incident occurred on March 5, 2020.

4. Any and all invoices, repair receipts, or other documents showing cleaning and/ or repairs made in the parking lot on the Defendant's premises where subject incident occurred on March 5, 2020.

5. Any and all documents and manual describing Protocols, Schedules, and Procedures for installation, inspection and maintenance of the Lighting on the Defendant's premises where subject incident occurred on March 5, 2020, including original blue prints for installation of outside lighting on said premises.

6. Any and all invoices, repair receipts, or other documents showing replacement and/ or repairs made to lighting in the parking lot on the Defendant's premises where subject incident occurred on March 5, 2020.

7. The curriculum vitae setting forth the employment and qualifications of each and every expert witness who, to your knowledge, has any information regarding the instant case or whom you may use in any proceeding concerning the instant lawsuit;

8. Any statements which were taken concerning the subject incident.

9. Policies and Declarations of all insurance known to you, including any liability, excess liability, is or may be applicable to the Plaintiff's cause or the Defendant's coverage.

10. Any complaints or notices of any nature filed by any employees or customers of the Defendant or other person concerning debris, trash, foreign objects or substances, inadequate lighting, and/or inoperable lighting in the parking lot where the subject accident occurred within a period of twenty-four (24) months before and after the subject incident.

11. Any reports made or notices given of any kind or nature of falls or injuries to persons in the parking lot where the subject incident occurred within a period of twenty-four (24) months before and after the subject incident.

12. Please identify any document relevant to the subject matter of the instant law identified by you in response to Plaintiff's Interrogatories No. 1-13.

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GORDON COUNTY, GEORGIA

**22CV72027**

FEB 02, 2022 12:54 PM

*Grant Walraven*
Grant Walraven, Clerk
Gordon County, Georgia

IN THE SUPERIOR COURT OF GORDON COUNTY
STATE OF GEORGIA

SANDRA COLLINS                    :

    PLAINTIFF                    :

                      :       FILE NO. _____

VS.                                :

                      :

WALMART, INC., WARES            :
DELAWARE CORPORATION and        :
JOHN DOES                        :

                      :

    DEFENDANTS                    :       **INTERROGATORIES**

                      :

      NOW COMES, the Plaintiffs who require that the Defendant and any Uninsured Motorists Insurance Carrier to answer under oath the following Interrogatories within forty-five (45) days from the date of service as provided by law and a copy of the answers be furnished to Plaintiffs' attorney, RODNEY L. MATHIS, P.O. Box 1718, Calhoun, GA 30703-1718.

      NOTE A: When used in these Interrogatories, the term Defendant or any synonym thereof, is intended to and shall embrace and include, in addition to WALMART, INC., all insurers, agents, servants, representatives, private investigators and others who are in position of or may have obtained information for or on behalf of Defendant and any and all JOHN DOE Defendants filing defensive pleadings in their own name.

      NOTE B: These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial. Any such supplementary answers are to be filed and served upon the undersigned within fifteen (15) days from receipt of such additional information but not later than time of trial.

      INTERROGATORY NO. 1: ENTITIES

(a)    Please state your full corporate name, the address and telephone number of your principal place of business and registered agent of service.

(b)    Please state the name, address, and telephone of each entity owning and/or operating the Walmart Store #658 located at 2510 Redmond Circle, NW in Rome, GA on March 5, 2020 and the Registered Agent for each said entity.

(c)    Please state the name, address and telephone number of each and every person or entity whom you claim to be responsible in whole or part for the inspection, monitoring, cleaning and/or maintenance the parking lot of Walmart Store #658 in Rome, GA on March 5, 2020and the registered entity for each said entity.

INTERROGATORY NO. 2: INCIDENT

(a) Please state the name, address, telephone number, and place of employment of each person known to you who witnessed the Plaintiff's fall on the subject premises on March 5, 2020, including persons viewing any video recording of said event which is the subject of this law suit and summarize fully what, to your knowledge, each of said persons witnessed.

(b) Please state whether any persons investigated the Plaintiff's fall on the subject premises on March 5, 2020 and if so, please state the name, address, telephone number, and place of employment of each person known to you who investigated the subject incident on the subject premises on March 5, 2020, and fully summarize what actions, to your knowledge, each of said person took to investigate said incident and cause thereof, including but not limited to persons interviewed, statements taken, inquiries made into the condition of the parking lot and lighting in the area where the Plaintiff fell and/or reports made.

(c)    Please describe all procedures and protocols and policies that you have adopted for investigating reports of falls and other accidents on the subject premises and/or other premises under your control in effect on March 5, 2020 and any subsequent date.

(d) Please identify any investigate report made concerning the subject incident by date and author, and any and all videos or other photographic evidence of the parking lot where the Plaintiff was injured on March 5, 2020.

(e) Were any video cameras installed in the parking lot of the Defendant's premises and if so was any video footage captured of 1) the Plaintiff's fall on the subject premise, 2) any inspection of the subject premises where the Plaintiff's fall occurred, and 3) the area where the Plaintiff's fall occurred before the Plaintiff's arrival and 4) the area where the Plaintiff's fall occurred immediately after the Plaintiff's arrival on the subject premises.

INTERROGATORY NO. 3: PREMISES

(a) Do you know if and when the parking lot where the subject incident occurred was inspected for trash, debris, spills and/or other objects and substances prior to the Plaintiff's fall on the subject premises on March 5, 2020. If so, please state said time of said inspections and the identity the persons conducting said inspections and whether any record or schedule for said inspection was made.

(b) Please state the name, address, telephone number, and place of employment of each person or entity known to you who has any information concerning the condition of the parking lot at the time of the subject incident and please summarize what information to your knowledge each such person has.

(c) Please describe all policies, procedures, and protocols for inspecting the condition of the parking lot for debris, substances, and/or other potential hazards in the parking lot where the Plaintiff was insured on March 5, 2020 and identify any and all documents, manuals, or other materials where said policies and procedures are maintained.

(d) Please state the name, address, telephone number, and place of employment of each person or entity known to you who had any responsibility for monitoring, inspecting and cleaning the parking lot where the Plaintiff was injured at the time of the subject incident and please summarize what those duties and responsibilities were.

(d) Please identify each and every employee or agent of the Defendant who entered the parking lot or observed video and had the opportunity to monitor, inspect and clean the parking lot where the Plaintiff was injured prior to the subject incident.

(e) Please identify any invoices, repair receipts, or other documents showing cleaning and/ or repairs made in the parking lot on the Defendant's premises where subject incident occurred within one week before and one week after the subject incident.

INTERROGATORY NO. 4: PREMISES LIGHTING

(a) Do you know the last time that the lighting in the parking lot where the subject incident occurred was inspected to determine if it was working and operating at standard

capacity when the Plaintiff's fall occurred. If so, please state when said inspection occurred and identity the persons or entities making said inspection.

(b) Please state the name, address, telephone number, and place of employment of each person known to you who has any information concerning the condition of the lighting in the parking lot at the time of the subject incident and please summarize what information to your knowledge each such person has.

(c) Do you know if lights were installed in the area of the subject premises where the Plaintiff fell according to the specifications set forth in the master blueprints and architectural specifications for said location. If so, please state whether or not they were installed and operational in accordance with said specification and the persons responsible for implementing said specifications.

(d) Please state the name, address, telephone number, and place of employment of each person or entity known to you who had any responsibility for monitoring, inspecting and repairing the lighting where the Plaintiff was injured at the time of the subject incident and please summarize what those duties and responsibilities were.

(e) Please identify any and all invoices, repair receipts, or other documents showing inspection and/ or repairs made to the lighting in the parking lot on the Defendant's premises where the subject incident occurred.

INTERROGATORY NUMBER 5: PRIOR NOTICE

(a) Please identify any and all persons who filed any complaints or otherwise notified you about any debris, trash, or other hazards in the parking lot of the subject premises within 12 months prior to and 12 weeks after the subject incident providing the date of each complaint or notice and a summary of said complaint or notice.

(b) Please identify any and all persons who filed any complaints or otherwise notified you about any falls or injuries occurring in the parking lot of the subject premises within 12 months prior to and 12 weeks after the subject incident providing the date of each complaint or notice and a summary of said complaint or notice.

(c) Please identify any and all persons who filed any complaints or otherwise notified you about the lack of lighting or inoperable lighting in the parking lot of the subject premises within 12 months prior to and 12 weeks after the subject incident providing the date of each complaint or notice and a summary of said complaint or notice.

INTERROGATORY NUMBER 6: (a) Please state name, address, telephone number, and place of employment and qualifications of each and every expert witness who, to your knowledge, has any information regarding the instant case;

(b) Please state the name, address, telephone number, and qualifications of each and every other expert witness whom you may use in any proceeding concerning the instant law suit;

(c) Please state what opinions or evidence you expect to elicit from each such expert witness listed in (a) and (b) above;

(d) Please state separately as to each expert witness named all facts which form the basis of the opinions which you expect to elicit from each such expert witness.

INTERROGATORY NUMBER 7: With respect to any statements which were taken concerning any event which is the subject of the instant law suit, including statements made by the Plaintiff(s), please state:

(a) When and where the same was taken;

(b) By whom it was taken (name, address and capacity or status);

(c) Names and addresses of all witnesses to the taking of said statement;

(d) The form of the statement (hand written, type written, tape or wire recording);

(e) The name, address, telephone number, and place of employment of the person giving the statement; and

(f) The present location of the original of said statement.

(In lieu of answering the above and foregoing Interrogatory, you may, if you desire, attach a copy of said statement to your answers.)

INTERROGATORY NUMBER 8: With respect to the any document identified in your response to any interrogatory submitted by the Plaintiff to the Defendant, Please identify each

documents by location and by a physical and generic description of the same sufficient to enable this interrogator to describe the same in a Notice to Produce, giving particularly the name and address of the person taking or preparing each, the name and address of the person who now has custody of each.

INTERROGATORY NUMBER 9:   List all insurance known to you, including any liability, excess liability, that is or may be applicable to the Plaintiffs' cause or the Defendant's coverage, and for each policy give all declarations information, including, but not limited to:

(a) Applicable limits;
(b) Applicable deductible;
(c) Forms of coverage issued;
(d) Dates of coverage;
(e) Identification of insurer and insured; and
(f) Policy number.

(In lieu of answering the above and foregoing Interrogatory, you may, if you desire, attach a copy of the declarations of each such policy.)

This 2nd day of February, 2022.

Rodney L. Mathis
GA State Bar No. 477043
Attorney for Plaintiff

P.O. Box 1718
Calhoun, GA  30703-1718
(706) 629-9351

**IN THE SUPERIOR COURT OF GORDON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SANDRA COLLINS,<br><br>     Plaintiff,<br><br>v.<br><br>WALMART INC., WARES DELAWARE<br>CORPORATION AND JOHN DOES,<br><br>     Defendants. | **JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION FILE**<br>**NO. 22CV72027** |

## ANSWER AND DEFENSES OF DEFENDANTS WALMART INC. AND WARES DELAWARE CORPORATION

COME NOW, Defendants Walmart Inc. and Wares Delaware Corporation (herein collectively referred to as "Walmart") and file and serve their Answer and Defenses, showing the Court as follows:

### First Defense

Plaintiff's Complaint, taken as a whole, may fail to state a claim against one or more Defendants upon which relief may be granted.

### Second Defense

Walmart preserves defenses as to lack of personal jurisdiction and improper venue as the incident which is the subject of Plaintiff's Complaint happened in Floyd County, Georgia.

### Third Defense

Walmart preserves defenses as to lack of personal jurisdiction and improper venue as Walmart Inc. and Wares Delaware do not own or operate this store and the proper Walmart entity is Walmart Stores East, LP. Walmart further preserves its right of removal of this matter as federal diversity jurisdiction and venue lies in the Northern District of Georgia, Rome Division.

### Fourth Defense

Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's own actions.

### Fifth Defense

Pending further investigation and discovery, Walmart denies that it or its agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

### Sixth Defense

Plaintiff may not recover against Walmart because no act or omission of Walmart was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

### Seventh Defense

Walmart asserts the defenses of contributory and comparative negligence.

### Eighth Defense

Pending further investigation and discovery, Walmart breached no duty owed to Plaintiff.

### Ninth Defense

Walmart denies any and all allegations regarding failure to warn.

### Tenth Defense

Walmart denies any and all allegations regarding negligent hiring, retention, training or supervision.

### Eleventh Defense

Plaintiff may not recover against Walmart due to Plaintiff's equal or superior knowledge of any condition which she alleges resulted in this event.

### Twelfth Defense

Pending further investigation and discovery, Walmart denies any and all allegations

regarding negligent inspection.

## **Thirteenth Defense**

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

## **Fourteenth Defense**

Walmart asserts that fault must be apportioned to all at-fault parties in a manner consistent with Georgia law.

## **Fifteenth Defense**

Walmart reserves the right to assert all affirmative defenses available under the applicable rules of civil procedure.

## **Sixteenth Defense**

In answer to the specific allegations of Plaintiffs' Complaint, Walmart shows the Court as follows:

1.      Denied. Walmart shows that the operator of this store is Walmart Stores East, LP. Wares Delaware Corporation is administratively dissolved. Walmart further shows that this incident occurred in Rome, Floyd County, Georgia, and that venue in Gordon County is improper. Walmart will agree to acknowledge service of an amended complaint substituting Walmart Stores East, LP ("WMSELP") as the proper party and dropping the current Defendants. Diversity of jurisdiction would still be proper with the addition of WMSELP, a limited partnership incorporated in the State of Delaware with its principal place of business in the State of Arkansas, whose general and limited partners are not citizens of the State of Georgia and reside outside of the State of Georgia.

2.      Defendant believes this allegation to be generally correct.

3.      Denied.

4.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph.

5.      Walmart admits that Plaintiff exited her vehicle and appears to trip in the parking lot. All remaining allegations contained in this Paragraph are denied at this time.

6.      Pending further investigation and discovery, denied.

7.      Denied. Walmart shows that the operator of this store is Walmart Stores East, LP, and that Wares Delaware Corporation is administratively dissolved. Walmart will agree to acknowledge service of an amended complaint substituting Walmart Stores East, LP as the proper party.

8.      Denied as pled. Walmart shows that the legal duties owed Plaintiff in this matter are an issue for the Court to determine. Pending further investigation and discovery, Walmart denies any alleged breach of duty.

9.      Pending further investigation and discovery, denied.

10.     Pending further investigation and discovery, denied.

11.     Pending further investigation and discovery, denied.

12.     Walmart denies all allegations contained within Plaintiff's prayer for relief.

13.     Walmart denies all other allegations of the Complaint which have not been specifically responded to in the previous paragraphs.

**WALMART HEREBY DEMANDS TRIAL BY JURY REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Walmart prays that it be discharged without liability and with all costs cast against Plaintiff.

Respectfully submitted, this 2nd day of March 2022.

           **DREW ECKL & FARNHAM, LLP**

           /s/ Douglas G. Smith, Jr.

           _____

           Leslie P. Becknell
           Georgia Bar No. 046320
           Douglas G. Smith, Jr.
           Georgia Bar No. 656005

777 Gloucester Street, Suite 305
Brunswick, Georgia 31520
(912) 602-6965
(404) 876-0992 (fax)
becknelll@deflaw.com

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400
(404) 876-0992 (fax)
smithdg@deflaw.com
***Attorneys for Walmart***

Page **5** of **6**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Answer and Defenses* was served by e-mail and by filing through the Court's electronic e-file system which will deliver notification of same to the following counsel of record addressed as follows:

Rodney L. Mathis
P.O. Box 1718
Calhoun, GA 30703-1718
rodneylmathis@bellsouth.net
*Attorneys for Plaintiff*

This 2nd day of March 2022.

Respectfully submitted,

*/s/ Douglas G. Smith, Jr.*
_____
Douglas G. Smith, Jr.
Georgia Bar No. 656005

**DREW, ECKL & FARNHAM, LLP**
303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-6147
smithdg@deflaw.com

12395287v1
05695-225724